IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT TOWNSEND, #45254-509, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-01966-JPG |
| | ) |
| WILLIAM K. MITCHELL, III, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Robert Townsend, a federal inmate incarcerated at the Federal Correctional Institution in Greenville, Illinois, brings this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, 2671-2680. (Doc 10). The Complaint did not survive screening under 28 U.S.C. § 1915A because it violated Rule 8 of the Federal Rules of Civil Procedure. The Court dismissed it without prejudice on December 3, 2025. (Doc 16). Plaintiff was granted leave to file a Second Amended Complaint by January 5, 2026. He was warned that the action would be dismissed for failure to comply with a court order and/or for want of prosecution if he failed to do so. *Id*. He was also ordered to either prepay the $405.00 filing fee or file a properly completed Motion for Leave to Proceed *in forma pauperis* (IFP motion) no later than January 19, 2026.[1] (Doc. 17).

Plaintiff missed the deadline for filing the Second Amended Complaint, and he did not request an extension.[2] He also missed the deadline for paying the filing fee or submitting a properly completed IFP motion, and he failed to request more time to do so.

---

[1] Plaintiff filed a handwritten IFP motion (Doc. 14) that was not on the proper form, missing key information, and lacking the necessary prisoner trust fund account information. The Court entered an Order striking it and setting a deadline for filing a properly completed IFP motion on the form provided of January 19, 2026. (Doc. 17).
[2] The Court received a handwritten Memorandum of Facts (Doc. 18) on January 16, 2026, and it is incoherent.

1

More than a week has passed since these deadlines expired. The Court will not allow this matter to linger indefinitely. This lawsuit is now dismissed for Plaintiff's failure to comply with a Court Order and for failure to prosecute his claims herein.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Orders (Doc. 16) to file a Second Amended Complaint and to prepay the filing fee or file an IFP motion (Doc. 17). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within sixty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** January 26, 2026

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
